IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| United States of America<br>**PLAINTIFF** | :<br>:<br>: |
| v | :    Case No.: 8:14-cr-00587 |
| | :<br>: |
| Terrence Mullen<br>**DEFENDANT** | :<br>: |

**DEFENDANT MEMORANDUM IN RESPONSE TO
GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

**NOW COMES** Terrence Mullen, hereinafter referred to as the Defendant, by and through his attorney, Russell A. Neverdon, Sr., and the Law Office of Russell A. Neverdon, Sr., LLC, and respectfully submits a Memorandum, in response to the Government's Memorandum in Aid of Sentencing, and in support thereof states as follows:

**Background and Argument**

On or about December 15, 2014, a federal grand jury for the District of Maryland returned a single count indictment against the Defendant, charging him interstate transportation of property taken by fraud and aiding-and-abetting, in violation of U.S.C. §§ 2314 and 2. The indictment alleges that the Defendant fraudulently procured scientific devices, specifically two (2) mas spectrometers, which were valued at approximately $400,000 (Four Hundred Thousand Dollars and Zero Cents). ECF No. 1 ¶ 4. The Defendant allegedly submitted false information on a credit application, received the aforementioned scientific equipment at a rented business space, sold them to a New Jersey business and deposited the proceeds into a TD Bank account in the name KLR Engineering Associates. ECF No. 1 ¶¶ 5-11. On or about October 5, 2015, the Defendant plead guilty to the lone count in the indictment and pursuant to U.S.S.G. § 3E1.1, entered into a plea agreement with the Government.

The PSR calculates a final offense level of 20. The Government agreed to withhold 3 points for the Defendant accepting personal responsibility for his criminal conduct. However, because the Defendant disagreed with the Government's assertion that he relocated to the State of Maryland for the purpose of evading law enforcement in the commission of the instant offense, the Government is now attempting to impugn their obligation to reduce the Defendant's sentence level. The Government agreed to a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. ECF No. 27 ¶ 6e. Furthermore, the Government also agreed to an additional 1-level reduction because the Defendant notified them, in a timely manner, of his intention to plead guilty. ECF No. 27 ¶ 6. Pursuant to the rule, the Defendant has assisted the Government in their investigation and prosecution of the Defendant's own misconduct. This has afforded the Government the avoidance of having to prepare for trial as well as permitted them and this Honorable Court to allocate their resources efficiently. The Government's refusal to make a motion for this additional 1-level reduction prejudices the Defendant. The language is clear. The additional 1-level reduction, pursuant to U.S.S.G. § 3E1.1(b), is for the Defendant's timely intention of pleading guilty, nothing more. He did that. Consequently, the Government should be held to their part of the plea agreement.

The language is clear, "This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth ... hereto that this Office would prove beyond a reasonable doubt ..." ECF No. 27 ¶ 6. The Defendant realizes that the Government will be able to prove, beyond a reasonable doubt, that he was guilty of the sole count of the indictment, which charged him with interstate transportation of property taken by fraud and aiding-and-abetting. He is not charged with any semblance of fleeing or attempting to flee prosecution and/or evading law

enforcement. He also realized that the Government will be able to prove, beyond a reasonable doubt, he procured the mass spectrometers, sold them, and deposited the funds from the sale into the aforementioned bank account. Although he did relocate to the State of Maryland, it was not in an attempt to evade law enforcement. He was in the process of trying to open a business in this jurisdiction. Attached are email strands, dating from September 4, 2013 through January 6, 2014, that shows he was in the process of opening a Maryland based business. (**SEE ATTACHED EXHIBIT A**)

Before this Honorable Court rules on the Government's Memorandum in Aid of Sentencing, there are additional factors that warrant consideration. First, the mental stability of the Defendant is in question. He is currently scheduled to undergo forensic psychoanalysis and evaluation on or about March 18, 2016. The Defendant has a history of Bi-Polar Disorder and it is it is suggested that part of the elements of the crime he committed is based upon his mental disorder. Second, The Defendant is not challenging the agreed stipulation nor requesting a reduction of 2 points. He merely explains in detail to the investigator that the inception of the contacts in Maryland were not with the intent to evade. Rather, it was the consequence of actions that were felonious. He also unequivocally understands and acknowledges that had the case been called, regardless of his initial intent, he placed the wheels in motion, which started as a result of defrauding a company, in spite of his sincere intent to try to start a business.

The origins of the findings remain illicit in nature. Therefore, the Government has misplaced its interpretation and the Defendant should receive the benefit of the additional 1 point reduction.

/S/
_____
Russell A. Neverdon, Sr., Esquire
Federal ID No.: 25949
Law Office of Russell A. Neverdon, Sr., LLC
711 Saint Paul Street, Ground Floor
Baltimore, Maryland 21202
Phone: (410) 235-2184
Facsimile: (410) 235-4000
**ATTORNEY FOR THE DEFENDANT**

Russell A. Neverdon, Sr., Esquire
Federal ID No.: 25949
Law Office of Russell A. Neverdon, Sr., LLC
711 Saint Paul Street, Ground Floor
Baltimore, Maryland 21202
Phone: (410) 235-2184
Facsimile: (410) 235-4000
**ATTORNEY FOR THE DEFENDANT**

## IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America<br>**PLAINTIFF** | : | |
| v | : | Case No.: 8:14-cr-00587 |
| Terrence Mullen<br>**DEFENDANT** | : | |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of March, 2016, a copy of the foregoing Memorandum in Response to Government's Memorandum in Aid of Sentencing was forwarded to the Office of the United State Attorney, South Charles Street, 4th Floor, Baltimore, Maryland 21201.

/S/
Russell A. Neverdon, Sr., Esquire
Federal ID No.: 25949
Law Office of Russell A. Neverdon, Sr., LLC
711 Saint Paul Street, Ground Floor
Baltimore, Maryland 21202
Phone: (410) 235-2184
Facsimile: (410) 235-4000
**ATTORNEY FOR THE DEFENDANT**